# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael L. Corriveau,**
**Petitioner Below, Petitioner**

**FILED**

August 29, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 14-0269** (Kanawha County 14-C-270)

**West Virginia Regional Jail and Correctional**
**Facility Authority, Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael L. Corriveau, appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered February 5, 2014, that dismissed his civil action challenging the terms and conditions of his confinement pursuant to West Virginia Code § 25-1A-2, which required exhaustion of petitioner's administrative remedies. Respondent West Virginia Regional Jail and Correctional Facility Authority ("respondent authority"), by counsel William E. Murray and Morgan M. Griffin, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate being held in protective custody at the North Central Regional Jail for reasons not apparent in the record. However, according to petitioner's inmate grievances, petitioner complained about the following: (1) removal of the television from the jail's protective custody section; (2) black mold and mildew in the showers; (3) having to sleep on floors; (4) double bunking; (5) lack of programs provided to those inmates in protective custody; and (6) the jail's menu. Respondent authority responded to petitioner's complaints as follows: (1) the television was removed because of disciplinary infractions occurring in the protective custody section; (2) the showers are clean; (3) "[e]ach inmate is provided with a mattress, linen, and all other essential hygiene items in accordance with the West Virginia Minimum Standards for Jails"; (4) double bunking is occurring due to overcapacity, but each inmate is housed according to the proper classification; (5) the necessity to hold petitioner in protective custody (which petitioner does not dispute) impacts the number of programs that can be offered to him; and (6) the jail's menu "meets the guidelines set by a licensed dietician, and they are in compliance with the laws and rules for city, state and federal standards."

1

In a February 4, 2014, letter to respondent authority's deputy chief of operations ("deputy chief"), petitioner acknowledged that, during the grievance process, the deputy chief spoke to petitioner on the phone in an effort to address his concerns. In responses dated January 23, 2014, and February 4, 2014, the deputy chief determined that the issues raised by petitioner had been "fixed."

On February 4, 2014, petitioner filed a civil action against respondent authority challenging the terms and conditions of his confinement. On February 5, 2014, the circuit court dismissed petitioner's action pursuant to West Virginia Code § 25-1A-2, which required exhaustion of petitioner's administrative remedies.

Petitioner now appeals the circuit court's February 5, 2014, dismissal of his action.[1] We review the dismissal *de novo*. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac Buick, Inc.,* 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). Dismissal is proper when a complaint "fail[s] to state a claim upon which relief can be granted." Rule 12(b)(6), W.V.R.C.P.; *see also* W.Va. Code § 25-1A-4(b)(1) (action is frivolous when it has "no arguable basis in fact or law").[2]

On appeal, the parties dispute whether petitioner exhausted his administrative remedies by appealing to—and receiving a decision from—respondent authority's executive director or his designee. *See* W.Va. Code § 25-1A-2(d) (providing that an inmate exhausts his administrative remedies when he has "fully appealed and has received a final decision from . . . the Executive Director of [respondent authority], or the Director's designee."). Given that petitioner asks us, in the alternative, to rule on the merits of his claims, we find that we do not need to resolve this dispute in order to dispose of petitioner's appeal.

Because we apply the same standard as the circuit court did in our de novo review of its dismissal of petitioner's action, "[w]e are not wed . . . to the lower court's rationale, but may rule on any alternate ground manifest in the record." *Conrad v. ARA Szabo*, 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996). As discussed above, a number of petitioner's grievances and respondent authority's responses thereto are in the record on appeal.

In Syllabus Point 5 of *Nobles v. Duncil*, 202 W.Va. 523, 526, 505 S.E.2d 442, 445 (1998), this Court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a [jail] inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to

---

[1] Petitioner subsequently filed a motion to vacate or set aside the February 5, 2014, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Because petitioner made his motion pursuant to Rule 60(b), the motion did not suspend the finality of the February 5, 2014, order. *Compare with* Rule 59(e), W.V.R.C.P. Also, the circuit court's February 27, 2014, denial of the Rule 60(b) motion is not considered in this appeal.

[2] Both West Virginia Code §§ 25-1A-2 and 25-1A-4 are provisions in the West Virginia Prisoner Litigation Reform Act, West Virginia Code §§ 25-1A-1 to -8.

fundamental fairness." S*ee also United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987) ("[T]hough it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy.") (emphasis in original). This Court finds that similar standards apply to the provision of an inmate's care in general. In other words, while an inmate deserves adequate accommodations, he cannot insist on the best accommodations money can buy.

After careful review, we find that respondent authority's responses to petitioner's grievances were reasonable and within the customary deference afforded to such officials. *See Nobles*, 202 W.Va. at 534, 505 S.E.2d at 453. ("We must be careful not to substitute our judgment for that of [jail] administrators."). We note that one of petitioner's complaints specifically related to his status as an inmate in protective custody, while another complaint related to an action respondent authority took as a result of disciplinary infractions in petitioner's section of the jail. "[E]valuation of penological objectives is committed to the considered judgment of [jail] administrators" because it is jail administrators who have to "anticipate security problems and to adopt innovative solutions to the intractable problems of [jail] administration." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (internal quotations and citations omitted). Therefore, we find that petitioner failed to state a claim upon which relief can be granted. We conclude that the circuit court did not err in dismissing petitioner's civil action.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: August 29, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II